### No. 182
### MILLER v. STATE
Ohio Appeals, 7th Dist, Mahoning Co.
October 24, 1924.

661. INTOXICATING LIQUORS—Unlawful possession of intoxicating liquors not proven by testimony that a woman coerced by her husband knew that liquor found in her barn had been there for two hours.

FARR, J.

#### Epitomized Opinion
Published only in Ohio Law Abstract

On June 24, 1923, Mary Miller was charged before the mayor of Struthers with unlawfully possessing intoxicating liquors and on June 24 following was fined $1,000 and costs. She was the owner of and resided on a 40 acre farm in Trumbull Co. Prohibition officers of the two counties made joint raid upon these two farms, finding on the husband's place, a still and a considerable quantity of finished product. He was convicted and sentenced to the penitentiary. On the wife's farm after search they found liquor in the barn. Mrs. Miller is of foreign extraction and when met midway between the house and barn replied to their inquiry if any liquor was left there for them, that she did not know. She allowed them to make the search without objection. They first searched the house where she resided with four minor children, but found nothing. After finding the liquor they attempted to and did arrest her. After resisting the officers she was handcuffed and taken to the city prison at Struthers where she was held for four days, not being able to give bond.

It was not disclosed in evidence at the trial that she knew the contents of the containers. It appears that she and her husband had been having trouble, that he was no good, she did not want him upon the place and objected to his conducting the liquor business. The only evidence offered by the state as to her possession was that she knew the liquor was there

from 8:00 to 10:00 A. M. No evidence was offered that she in any way controlled the liquor. But it was shown that she feared her husband. No collusion was shown. Reversing the Common Pleas the Court of Appeals held:

Conviction of wife for unlawfully possessing liquor or in collusion with her husband held not sustained by proof that she knew liquor found in her barn was there for two hours especially since if she did anything contrary to law it was under coercion of her husband. Davis v State, 15 Ohio 72; Tabler v State, 34 O. S. 134.

Attorneys—C. E. Diser and Miller & Powell for Miller; Perry Robison, for State; all of Youngstown.

---

### No. 183
### BAILLIE v. B. & O. RD. CO. AND AM. STEEL & W. CO.
Ohio Appeas, 8th Dist., Cuyahoga Co.
No. 5247. Decided Oct. 27, 1924.

1231. VENUE—Plaintiff must according to 11273 GC. bring action against Railroad Co. in county where accident occurred or county where he resided.

681. JURISDICTION—When one of two joint tort feasors is properly in court it may be secured over the other when such jurisdiction would prevent a multiplicity of suits. 11255 GC.

#### Epitomized Opinion

In the Cuyahoga Common Pleas, Tom Baillie brought an action for personal injuries against the American Steel & Wire Company, and the Baltimore & Ohio Railroad Company, claiming that the alleged joint negligence of both resulted in the injuries sustained by him. Said injuries happened in the State of Pennsylvania.

The Railroad Co. filed a motion to quash the service against it, which was granted, under 11273 GC, which provides that an action against a railroad company must be brought in the county in which the accident occurred or wherein the plaintiff resided; and inasmuch as the accident happened in Pennsylvania, and Baillie did not reside in Cuyahoga County the action could not be maintained in this county.

Baillie took a petition in error to the Court of Appeals and the Court held:

Where there is a joint liability and two joint tort feasors are desired to be sued in Cuyahoga County where service could rightfully be obtained on one, the other tort feasor may rightfully be brought into court by virtue of 11255 GC.

If one of the defendants is properly brought into court the other may be brought in. Gorey v. Black. 100 OS 73.

Attorneys—Payer, Winch, Minshall and Karch, Cleveland, for Baillie; Tolles, Hogsett, Ginn & Morley, Cleveland, for companies.